■ In the Matter of the Arbitration between LEON M. WAKS et al., Appellants, and FRANCES WAUGH, Respondent. — Order and judgment (one paper), Supreme Court, New York County (McQuillan, J.), entered August 19, 1982, is unanimously reversed, on the law, without costs, respondent's cross motion to vacate the arbitration award is denied, petitioners' motion to confirm the arbitration award dated January 28, 1982 is granted, and judgment is directed to be entered on said award. Petitioner Leon Waks and his deceased father Abram Waks acted as attorneys for respondent Frances Waugh and her now-deceased husband from 1956 until about 1968 in connection with the interest of the Waughs in certain property held by Swain Holding Company, of which the Waughs owned 33⅓ shares (one third). The Waughs agreed to pay the Wakses as compensation one third of the net proceeds from the sale of the property. During this period, the Wakses had possession of the Waughs' stock certificates, admittedly as trustees for the Waughs (the trust relationship was rather informally expressed). At first the stock was held by Abram Waks. At some point, apparently without express consent from the Waughs, Abram Waks transferred half the shares to his son and partner, petitioner Leon Waks, for unpersuasive but clearly personal reasons relating to the Waks' possible estate taxes. But the trust relationship continued. The relationship between the Wakses and the Waughs deteriorated to the point where the Waughs filed charges against the Wakses with the relevant bar association. Finally under date of February 20, 1969 an agreement was entered into between the Waughs and the Wakses and their spouses, apparently in settlement of the claims by the Waughs against the Wakses. Under this agreement the Wakses agreed to retransfer the stock certificates to the Waughs, agreed to render an accounting, resigned as directors and officers of Swain, and agreed to cause the stockholders of Swain to elect one of the Waughs, or their nominee, as a director and secretary. It was agreed that the Waughs should pay to the Wakses as compensation for their services one third of the net proceeds (without deduction for legal fees) of any recovery made by the Waughs out of said shares of stock. The agreement further provided that all disputes arising out of or in relation to the agreement should be determined by arbitration in New York City in accordance with the rules of the American Arbitration

Association. A copy of the agreement was to be sent to the Passaic County Ethics and Grievances Committee. The stock was delivered and in March, 1969 an accounting was rendered by Leon Waks. The corporation was dissolved. In September, 1980 the property was finally sold and the net amount payable to the Waughs was $266,902, plus some additional amounts which brought the net proceeds payable to the Waughs up to $272,822. However, shortly thereafter the Waughs rejected the Waks' claim to one third of the proceeds. An arbitration ensued, which resulted in an award to the surviving Wakses of $90,865. Special Term vacated that award primarily on the ground that the transfer of one half the stock from Abram Waks to Leon Waks was such a breach of the trust relationship as to deprive the Wakses of the right to any compensation and the award was therefore against public policy. We reverse for these reasons: Whatever may have been the rights of the Waughs against the Wakses prior to the settlement agreement of February 20, 1969 there is no reason of public policy why a dispute between a client and an attorney, or between a beneficiary and a trustee, cannot be settled by agreement between the parties. Here there was no longer a relation of trust and confidence between the Waughs and the Wakses at the time of the 1969 agreement. Each side was represented by independent counsel in the negotiation of that agreement. Although the Waughs contend that they had been fraudulently induced to enter into the agreement, and that the agreement was the product of duress, there is no evidence of such fraud or duress. There was no claim of such fraud or duress in the 11 years between the execution of the agreement and the sale of the property. The arbitrators acted within their powers in apparently determining that the assignment by the Waughs of one half their interest to their present attorney was a form of "legal fees" which was not to be deducted in the calculation of the one third of the net proceeds to be paid to the Wakses. Other claims by the Waughs against the Wakses were gone into on the arbitration and are not properly matters before the court, assuming the arbitration agreement to be valid, as we think it is. Concur — Ross, J. P., Asch, Silverman, Bloom and Fein, JJ.